**United States Bankruptcy Court**
**Western District of Arkansas**

In re: **Marlin Evans / Shirley Evans**, Debtor(s)

Case No. **2:18-bk-70176**
Chapter **13**

# Arkansas Chapter 13 Plan
(Local Form 13-1)

Original Plan ☐    Amended Plan ☑

**For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:
1, 2.1, 2.3, 3.1, 3.2, 3.3, 3.4, 5.1, 7.1

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.
Selected appropriate boxes in header and Part 1. Increased plan payment. Selected Tax refund treatment. Selected adequate protection payments. Correct Mortgage payment. Selected Vesting option. Moved cars from 3.3 to 3.4. Unsecured creditors will receive a prorata dividend

The Amended Plan is filed:    ☑ Before confirmation
                               ☐ After confirmation

## Part 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.**

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☐ **Original plan filed** *at the time* **the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

Debtor(s) **Marlin Evans**
**Shirley Evans**                                              Case No. **2:18-bk-70176**

☐ **Original plan filed *after* the petition is filed or amended plan (only if filed prior to the 341(a) meeting):**
Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☑ **Amended plan:** Within 21 days after the filing of the amended plan.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ☑ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1   The debtor(s) will make regular payments to the trustee as follows:**
*Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $**1,374.43** per month to the trustee. The plan length is **60** months.
The following provision will apply if completed:

Plan payments will change to $ **1,496.63** per month beginning on **4**.
Plan payments will change to $ **1,383.01** per month beginning on **5**.
Plan payments will change to $ **1,518.62** per month beginning on **9**.

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Payments shall be made from future income in the following manner:**

Name of debtor  **Marlin Evans**
☑ Direct pay of entire plan payment or ____ (portion of payment) per month.

☐ Employer Withholding of $_____ per month

Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
If other, please specify:____
Employer name:                    _____
Address:                          _____
                                  _____
Phone:                            _____

Name of debtor **Shirley Evans**

☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

☐ Employer Withholding of $_____ per month.

Debtor(s) **Marlin Evans**
**Shirley Evans** Case No. **2:18-bk-70176**

Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
If other, please specify: _____
Employer name: _____
Address: _____
_____
Phone: _____

**2.3    Income tax refunds.**

*Check one.*
☑ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4    Additional payments.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

# Part 3: Treatment of Secured Claims

**3.1    Adequate Protection Payments.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| AmeriCredit/GM Financial 3620 | 2015 Chevrolet Malibu 37,000 miles | 100.00 | ☑ Preconfirmation<br>☐ Postconfirmation |
| Citizens Bank & Trust 1406 | 2001 Chevy S-10 | 10.00 | ☑ Preconfirmation<br>☐ Postconfirmation |

**3.2    Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
*Check one.*

Debtor(s) **Marlin Evans**
**Shirley Evans**           Case No. **2:18-bk-70176**

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
| Kondaur Capital Corporation 6331 | 1616 Bewley Rd. Cedarville, AR 72932 Crawford County | 921.02 | ☐ Debtor(s) <br> ☑ Trustee | 5,470.73 | 91.18 | 0.00% |

3.3      **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4      **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if there is a check in the box "included" in § 1.1.**

☑ The debtor(s) request that the court determine the value of the collateral securing the claims as listed below. For each nongovernmental secured claim listed below, the debtor(s) state that the value of the collateral securing the claim should be as set out in the column headed *Value of collateral*. For secured claims of governmental units, unless otherwise ordered by the court, the value of the collateral securing the claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

Secured claims will be paid the lesser of the amount of the claim or the value of the collateral with interest at the rate stated below. The portion of any allowed claim that exceeds the value will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amount listed below, except as to value, interest rate and monthly payment.

The holder of any claim listed below as having value in the column headed *Value of collateral* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor(s) **Marlin Evans**
**Shirley Evans**                                    Case No. **2:18-bk-70176**

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment | Estimated unsecured amount |
|---|---|---|---|---|---|---|---|
| AmeriCredit/GM Financial 3620 | 2015 Chevrolet Malibu 37,000 miles | Opened 02/15 Last Active 8/31/17 | 16,218.00 | 15,000.00 | 5.25% | 284.79 | 1,218.00 |
| Citizens Bank & Trust 1406 | 2001 Chevy S-10 | Opened 11/16 Last Active 8/31/17 | 1,396.00 | 1,000.00 | 5.25% | 18.99 | 396.00 |

3.5    **Surrender of collateral.**

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6    **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

4.1    **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

4.2    **Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

4.3    **Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

|   |   |
|---|---|
| Amount paid to attorney prior to filing: | $ 0.00 |
| Amount to be paid by the Trustee: | $ 3,500.00 |
| Total fee requested: | $ 3,500.00 |

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

The initial fee and percentage rate requested in the application are $ **1250.00** and **25.00** %, respectively.

4.4    **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5    **Domestic support obligations.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

Debtor(s) **Marlin Evans**
**Shirley Evans**                                                    Case No. **2:18-bk-70176**

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**    **Nonpriority unsecured claims.**
Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
☑ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other, Please specifiy ____

**5.2**    **Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1**    **Executory Contracts and Unexpired Leases.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2**    **Sale of assets.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3**    **Claims not to be paid by the trustee.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

**6.4**    **Postpetition claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

Debtor(s) **Marlin Evans**
**Shirley Evans**                                             Case No. **2:18-bk-70176**

**7.1**    Property of the estate will vest in the debtor(s) upon:

*Check the applicable box.*

☐ plan confirmation

☑ entry of discharge

☐ other: _____

## Part 8: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced*

## Part 9: Signatures

By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.

**/s/ Carl W. Hopkins**                                                            Date **October 1, 2018**
**Carl W. Hopkins**
**Signature of Attorney for Debtor(s)**

**/s/ Marlin Evans**                                                               Date **October 1, 2018**
**Marlin Evans**
**/s/ Shirley Evans**                                                              Date **October 1, 2018**
**Shirley Evans**
**Signature(s) of Debtor(s)**
**(required if not represented by an attorney;**
**otherwise optional)**

CERTFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the attached Chapter 13 plan has been served by CM/ECF to Joyce Bradley Babin, Chapter 13 Standing Trustee; Charles W. Tucker, Assistant United States Trustee; and served by U.S. Mail, postage prepaid to the following on October 1,2018.

Department of Finance and Administration
 Legal Division
P.O. Box 1272
 Little Rock, AR 72203

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

U.S. Attorney, Western District
P.O. Box 1524
Fort Smith, AR 72902

And to all creditors whose names and addresses are set forth on the matrices filed in the case.

The undersigned further certifies that a true and correct copy of the attached Chapter 13 Plan that requests a valuation determination pursuant to Section 3.4 was served by U.S. Mail, postage prepaid, to the following as noted:

Michael Sean Brister
Attorney for Citizens Bank and Trust
Brister Law Firm
P.O. Box 1451
Alma, AR 72921

Mandy Youngblood
Assistant Vice−President
Americredit Financial Services, Inc. Dba GM Financ
P.O Box 183853
Arlington, TX 76096

Date: 10/1/2018                              /s/Carl W. Hopkins _____

                                              Hopkins & Holmes

                                              POB 7359

                                              Van Buren, AR  72956

Clear All Fields

**UNITED STATES BANKRUPTCY COURT**
**EASTERN AND WESTERN DISTRICTS OF ARKANSAS**
Fort Smith _____ DIVISION

RE: Evans, Marlin and Shirley                    2:18-bk-70176
**Chapter 13**

## NOTICE OF OPPORTUNITY TO OBJECT TO
## MODIFIED PLAN  (BEFORE) (AFTER)  CONFIRMATION

You are hereby notified that the captioned debtor(s) have filed the attached modification to the plan pursuant to 11 U.S.C. '1323 and Rule 3019 of the Rules of Bankruptcy Procedure (Before) or 11 U.S.C. '1329 (After).  Objections to confirmation of the plan as modified must be filed with the Bankruptcy Court at 35 E. Mountain, Ste 316, Fayetteville, Arkansas 72701 in writing within 25 days from the date of this notice, with copies to the attorney for debtor(s) and to Joyce Bradley Babin, Chapter 13 Standing Trustee, P.O. Box 8064, Little Rock, AR 72203-8064.

If objections to the plan as modified are filed, they will be set for hearing by subsequent notice.  If no objections are received, the plan as modified may be confirmed without further notice or hearing.

Date: 10/01/2018                    /s/ CARL W. HOPKINS, POB 7359, VAN BUREN AR, 72956, 479-922-2175
                                    Attorney's Name,  Address & Phone Number

### CERTIFICATE OF MAILING

I, the undersigned, hereby certify that copies of the foregoing notice and attached Modification to Plan have been mailed to:

Joyce Bradley Babin, Trustee
P.O. Box 8064
Little Rock, AR 72203-8064

Department of Finance & Administration
Legal Division
P.O. Box 1272
Little Rock, AR 72203

Employment Security Division
Legal Division
P.O. Box 2981
Little Rock, AR 72203

Internal Revenue Service
Special Procedures Staff
Stop 5700 - 700 W. Capitol Ave.
Little Rock, AR 72201

U.S. Attorney, Eastern District
P.O. Box 1229
Little Rock, AR 72203

U.S. Attorney, Western District
P.O. Box 1524
Fort Smith, AR 72902

and to all creditors whose names and address listed on the debtors creditor matrix